845 F.2d 325
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma FLOYD and Mary Macy, Plaintiffs-Appellants,
v.
Preston R. TISCH, Postmaster General, Defendant-Appellee.
 No. 87-1759.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1988.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and DAVID A. NELSON, Circuit Judges.
 
 ORDER
 
 1
 Appearing pro se, appellants (plaintiffs below) ask us to appoint counsel for them in this appeal from a summary judgment in which the district court dismissed without prejudice a sex discrimination suit brought against the Postmaster General under 42 U.S.C. Sec. 2000(e)(16). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellants are women who work as occupational nurses at a U.S. Postal Service medical unit in Detroit, Michigan. Complaining that they perform duties of higher ranked (and higher paid) "injury compensation specialists," appellants sought reevaluation and upgrading of their positions. The Postal Service denied the requests for reevaluation.
 
 
 3
 Appellants then filed a complaint with the Equal Employment Opportunity Commission. On August 10, 1983, an EEOC "complaints examiner" determined that the refusal of the Postal Service to conduct a reevaluation was discriminatory. Although he ordered the Postal Service to conduct an audit of appellants' positions, the examiner declined to order an actual upgrade because "testimony also indicated their claims may be exaggerated with respect to their performance of certain elements of the Injury Compensation Specialist position description."
 
 
 4
 On October 11, 1983, the Postal Service expressly adopted the complaints examiner's recommendations, and appellants were advised that if they were dissatisfied with the proposed solution, they could either appeal to the EEOC's Office of Review and Appeals or file a civil action in district court. Appellants elected to seek further review within the EEOC, asking that agency to "order a compliance date for appropriate postal officials to promote Mrs. Wilma Floyd and Mrs. Mary P. Macy to level # 19, effective the date of the decision."
 
 
 5
 The Office of Review and Appeals denied the appeal some two years later, and appellants then commenced the present action in the United States District Court. Their amended complaint, filed on December 12, 1986, requests "a retroactive increase in their ranking to level 19 together with all appropriate back wages, benefits and seniority...."
 
 
 6
 On June 9, 1987, a pretrial order was entered wherein the plaintiffs described their positions as follows:
 
 
 7
 "This Title VII claim has been brought by two nurses who are employed by the Postal Service. Plaintiffs contend that defendant's refusal to classify their position to an injury compensation specialist position is discriminatory, based upon sex.
 
 
 8
 Plaintiffs further contend that the Postal Service's failure to timely comply with the adopted decision of the complaints examiner has constituted a waiver, estoppel or default. Further, plaintiffs contend that the delay in implementing the adopted decision of the complaints examiner was a retaliatory action by the defendants in pursuing their rights under Title VII."
 
 
 9
 The pretrial order reflected an agreement by both sides that the plaintiffs had exhausted their administrative remedies. (We note that in July of 1986, a few weeks after the plaintiffs had commenced their action, the Postal Service conducted the audit it had initially promised to undertake. The conclusion reached in the audit was that upgrading was not appropriate.)
 
 
 10
 The defendant moved for summary judgment. After a hearing on the motion, the district court dismissed the complaint as moot on the understanding that the plaintiffs' action was simply intended to obtain the audit originally ordered by the EEOC. The Postal Service already having conducted such an audit, the court reasoned that no further relief could be granted.
 
 
 11
 We disagree. The plaintiffs have consistently sought an upgrade in their rank, and absent an express finding by the district court that the claim for such relief has been waived, it does not appear to us that the plaintiffs' lawsuit became moot when the Postal Service conducted the audit and reaffirmed the decision not to upgrade the plaintiffs' positions.
 
 
 12
 Accordingly, the judgment of dismissal is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Rule 9(b)(6), Rules of the Sixth Circuit. The motion for appointment of appellate counsel is denied.